UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

<u>LETTER OPINION</u>

December 6, 2010

*Notice Via Electronic Filing*

All counsel of record

     Re:    **Fransen v. One World Tech. Co., Ltd., et al.**
              **Civil Action No. 08-5101**

              **Sangare v. Ryobi Tech., Inc., et al.**
              **Civil Action No. 09-303**

              **Strelec v. Techtronic Industries Co., Ltd., et al.**
              **Civil Action No. 09-742**

              **Helmes v. Techtronic Industries Co., Ltd., et al.**
              **Civil Action No. 09-883**

              **Flower v. Techtronic Industries Co., Ltd., et al.**
              **Civil Action No. 09-2736**

              **Orchowski v. Techtronic Industries Co., Ltd., et al.**
              **Civil Action No. 09-3653**

Dear Counsel:

      This will address defendants One World Technologies Co., Ltd., Ryobi Technologies, Inc., and Techtronic Industries North America, Inc.'s (collectively, "Defendants") request for an Order (1) compelling Travelers Insurance ("Travelers"), Liberty Mutual Insurance Group

("Liberty Mutual"), and GUARD Insurance Group ("GUARD") (collectively, the "Insurance Carriers") to produce materials withheld by the Insurance Carriers pursuant to the attorney-client and/or work product privileges and (2) compelling counsel for the Insurance Carriers to produce retainer agreements between counsel for the Insurance Carriers and each of the individuals named as plaintiffs.

The Insurance Carriers have withheld from production certain documents generated by or on behalf of and maintained by the Insurance Carriers pursuant to the attorney-client and/or work product privileges. Specifically, Travelers has withheld production of subrogation claims notes generated and maintained by Travelers (the "Travelers Materials"). Liberty Mutual and GUARD have withheld production of certain running notes, an investigative report, and communications generated by or on behalf of and maintained by Liberty Mutual and/or GUARD (the "Liberty Mutual/GUARD Materials").

At the Court's request, Travelers, Liberty Mutual and GUARD provided copies of the Travelers Materials and Liberty Mutual/GUARD Materials to the Court for *in camera* review to determine whether the materials are protected from production pursuant to the work product and/or attorney-client privileges.

FED R. CIV. P. 26(b)(1) provides:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." (Emphasis added)

FED R. CIV. P. 26(b)(3)(A) further provides:

"[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But subject to Rule 26(b)(4), those materials may be discovered if...(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain, their substantial equivalent by other means." (Emphasis added)

Upon *in camera* review of the Travelers Materials and the Liberty Mutual/GUARD Materials, the Court finds that the materials consist of attorney-client communications and/or documents prepared in anticipation of the subrogation litigation by or for Travelers, Liberty Mutual and/or GUARD and for no other purpose but for the prospect of the subrogation litigation. Accordingly, the Travelers Materials and the Liberty Mutual/GUARD Materials are protected by the work product and/or attorney-client privileges. Although some facts are contained in the Travelers Materials and the Liberty Mutual/GUARD Materials, the Court finds that Defendants have not made a sufficient showing that Defendants cannot, without undue hardship, obtain the substantial equivalent of those facts by other means through discovery in order to compel production of the privileged materials. *See Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947); *Maertin v. Armstrong World Ind., Inc.*, 172 F.R.D. 143, 149-50 (D.N.J. 1997); *Stayinfront, Inc. v. Tobin*, 2006 WL 3228033, at * 4 (D.N.J. Nov. 3, 2006).

However, because Plaintiffs could not conclusively state at the November 24, 2010 oral argument that the facts relevant to the claims and/or defenses in this case contained in the Travelers Materials and/or Liberty Mutual/GUARD Materials had been produced in discovery, Defendants may renew their request for production of the Travelers Materials and/or Liberty Mutual/GUARD Materials that contain said facts upon a showing that Defendants have a substantial need for the materials and are unable without undue hardship to obtain the facts by other means in discovery.

With respect to Defendant's request that counsel for the Insurance Carriers produce retainer agreements between the attorneys for the Insurance Carriers and each of the individuals named as plaintiffs (the "Retainer Agreements"), counsel for the Insurance Carriers agreed at the November 24, 2010 oral argument to enter into the Retainer Agreements. Accordingly, Counsel

for the Insurance Carriers are directed to enter into the Retainer Agreements and file with the Court affidavits certifying that they have done so within sixty (60) days of the entry of the Order that accompanies this Letter Opinion.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Dennis M. Cavanaugh, U.S.D.J.